### PEOPLE v. KENNEDY.

Cr. No. 1051; February 15, 1904.

75 Pac. 845.

**Homicide—Insufficiency of Evidence—New Trial.**—The court properly granted a new trial in a prosecution for murder where the only direct testimony against defendant was that of an accomplice, and the corroborating testimony was insufficient to connect him with

the commission of the offense so as to justify a conviction, even assuming that the accomplice's testimony, if true, was sufficient for that purpose.

APPEAL from Superior Court, City and County of San Francisco; Carroll Cook, Judge.

William B. Kennedy was convicted of murder, and from an order granting a new trial the people appeal. Affirmed.

U. S. Webb, attorney general, E. B. Power, Lewis F. Byington, district attorney, and I. Harris, assistant district attorney, for the people; William H. Schooler and A. S. Newburgh for respondent.

SHAW, J.—The defendant was charged with the crime of murder, and upon the trial a verdict was returned finding him guilty of murder of the first degree. Thereupon, on his motion, the court granted a new trial, on the ground, among others, that the only direct testimony against the defendant was that of an accomplice, and that there was no sufficient corroborating testimony to connect him with the commission of the offense. From this order the plaintiff appeals.

Upon an examination of the testimony we are of the opinion that the action of the court was correct. There is scarcely any corroborating evidence tending to connect the defendant with the commission of the crime, and certainly not enough to justify a conviction, even if it be assumed that the testimony of the accomplice, if true, was sufficient for that purpose. From a reading of that testimony we are in grave doubt whether the court should not have granted the motion upon the ground that there was no evidence sufficient to convict.

The order appealed from is affirmed.

We concur: Angellotti, J.; McFarland, J.; Lorigan, J.; Henshaw, J.; Van Dyke, J.